THE SINGER MANUFACTURING CO. v. RAWSON ET AL.

1. **Mortgage:** THREAT OF CRIMINAL PROCEEDINGS.   A mortgage executed by the wife to secure a debt of the husband, under the inducement of false and fraudulent charges of embezzlement against the husband, and threats to institute criminal proceedings against him, is void.

2. ———: ———.   The fact that the mortgaged property was purchased by the husband with the money of the party making the threats, and fraudulently conveyed to the wife, would have no tendency to show the mortgage valid.

*Appeal from Buena Vista Circuit Court.*

THURSDAY, APRIL 24.

THIS is an appeal from a ruling sustaining a demurrer to, and dismissing a petition for, a new trial.   The trial was in an action brought to foreclose a mortgage executed by the defendant Millie L. Rawson, to secure certain alleged in-

debtedness of her husband, Charles E. Rawson. Defense was made in the action upon the ground that the defendant Millie was wrongfully induced by the plaintiff to execute the mortgage. The alleged wrongful acts consisted in charging her husband falsely and fraudulently with having embezzled the plaintiff's money, and in threatening to institute criminal proceedings against him, and in causing her to be frightened by reason of such charges and threats. Upon the trial the defense was adjudged to be sufficient and the mortgage was decreed to be void.

The petition for a new trial is based upon the ground of newly discovered evidence. The plaintiff alleges that since the trial it has discovered evidence tending to show that the mortgaged property was purchased with funds belonging to the plaintiff, and fraudulently conveyed to the defendant Millie, and also evidence tending to show that she admitted that she signed the mortgage voluntarily, and also evidence tending to show that she was not under the influence of her husband, but that he was under her influence and domination. The defendant Millie demurred to the petition upon the ground that it does not show diligence, and that the evidence, if obtained, would be immaterial. The court sustained the demurrer. The plaintiff appeals.

*Robinson & Milchrist* and *Phillips, Goode & Phillips,* for appellant.

*Aplington & Allen* and *Galusha Parsons,* for appellee.

ADAMS, J. We do not think it material whether the defendant Millie was under the influence of her husband or not.

1. MORTGAGE: threat of criminal proceedings. If she was induced to execute the mortgage by false and fraudulent charges of embezzlement, and threats to institute criminal proceedings against him, the mortgage was void. Nor is it material that she admitted that she signed the mortgage voluntarily, if her

volition was gained by such false and fraudulent charges and threats.

As to the evidence that the mortgaged property was bought with the plaintiff's money and fraudulently conveyed to her, we think it may be said that it 2. ——: ——. would have no tendency to show the mortgage valid. Upon a proper proceeding to reach the property as held in trust for plaintiff, such evidence would be clearly admissible, and perhaps such proceeding may yet be instituted.

The petition for a new trial, we think, was properly dismissed.

AFFIRMED.